**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAQUANDERIA ROBERTS, individually and on behalf of a class of similarly situated individuals | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: |
| DART CONTAINER CORPORATION OF ILLINOIS, | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, DART CONTAINER CORPORATION OF ILLINOIS ("Dart"), by its attorneys, GORDON REES SCULLY MANSUKHANI, LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits its Notice of Removal of the action styled *Laquanderia Roberts v. Dart Container Corporation of Illinois,* Case Number 2017 CH 15522, from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Dart states as follows:

**I.      THE STATE COURT ACTION**

1.      On November 22, 2017, Plaintiff commenced an action in the Circuit Court of Cook County, Illinois, styled *Laquanderia Roberts v. Dart Container Corporation of Illinois,* Case Number 2017 CH 15522. (See Plaintiff's Complaint, attached hereto as Exhibit A).

2.      Dart first received notice of this lawsuit on November 27, 2017, when it was served with a copy of Plaintiff's Summons and Complaint.

3.      Generally, the Complaint alleges that Dart violated the Biometric Information Privacy Act ("BIPA") by using face geometry scanning technology at a facility in Chicago,

Illinois, for the purpose of having workers at that facility clock-in and clock-out for shifts. (Exhibit. A; ¶ 26-36). The plaintiff alleges that Dart violated BIPA by obtaining a scan of her facial geometry without first obtaining her informed consent, and by not having a publicly-available retention policy regarding biometric information such as facial geometry scans. (Exhibit A).

4. The plaintiff purports to bring this claim on behalf of herself and on behalf of a class defined as follows:

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the State of Illinois any time within the applicable limitations period. (Exhibit A; ¶ 37).

5. The plaintiff alleges that the putative class consists of "hundreds, if not thousands, of members of the Class." (Exhibit A; ¶ 39).

6. The plaintiff seeks to recover statutory damages of up to $5,000 per violation, pursuant to 740 ILCS 14/20(2); as well as attorneys' fees, and other litigation expenses pursuant to 740 ILCS 14/20(3). (Exhibit A; p. 15).

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

7. Dart first received notice of this lawsuit on November 27, 2017, when it was served in Michigan with a copy of Plaintiff's Summons and Complaint. (See Service of Process Notice, attached hereto as Exhibit B.) Therefore, its removal of this action is timely in accordance with 28 U.S.C. § 1446(b), because the instant Notice of Removal was filed within thirty (30) days of service. *See* 28 U.S.C. § 1446(b).

8. As Dart is the sole Defendant in this action, there is no need to obtain the consent of any other Defendants to the removal of this action.

9. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Circuit Court of Cook County, Illinois.

### III. THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, HAS DIVERSITY JURISDICTION

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) and it may be removed to this Court under 28 U.S.C. §§ 1441, 1446 and 1453. Specifically, this Court has jurisdiction over this case under the Class Action Fairness Act ("CAFA") and pursuant to 28 U.S.C. § 1453(b) because it is a civil putative class action wherein: (1) there is diversity between at least one class member and the defendant; (2) the proposed class contains substantially more than 100 members; (3) defendant is not a State, State Official, or other governmental entity; and (4) the amount in controversy claimed by all class members exceeds $5 million. *See* 28 USC §§ 1332(d)(2), 1332(d)(5)-(6), and 1453(a). Removal of such actions is permissible under 28 U.S.C. §§ 1441(a) and 1453(b).

13. Without conceding any merit to the Plaintiff's claims, calculation of damages, or ability to certify the putative classes, Defendant asserts that the CAFA elements are satisfied.

### A. *The Requisite Diversity of Citizenship Exists*

14. Pursuant to 28 U.S.C. § 1332(d)(2)(A), a United States District Court shall have original jurisdiction of any class action in which – *inter alia* – any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

15. The plaintiff has alleged that, at all relevant times, she has been a resident and citizen of the State of Illinois. (Exhibit A; ¶ 14.)

16. The plaintiff purports to bring this claim on behalf of herself and on behalf of a class defined as follows:

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the State of Illinois any time within the applicable limitations period. (Exhibit A; ¶ 37)

Accordingly, on information and belief, the plaintiff purports to bring this claim on behalf of putative class of persons residing in Illinois.

17. The sole defendant – Dart – is a Michigan Corporation, with its principal place of business located at 500 Hogsback Road in Mason, Michigan. (See Certified 2017 Annual Report of Dart Container Corporation of Illinois, attached hereto as Exhibit C). Accordingly, the Defendant is a citizen of Michigan for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

18. Accordingly, pursuant to 28 U.S.C. § 1332(d)(2)(A), the requisite diversity in this class action exists because the named plaintiff and the defendant are citizens of different states.

### B. *The Requisite Amount in Controversy Exists*

19. Pursuant to 28 U.S.C. § 1332(d)(2), a United States District Court shall have original jurisdiction of any class action in which – *inter alia* – the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

20. While Defendant denies the validity of Plaintiff's substantive claims on their merits and all requests for relief therein, as noted above, Plaintiff purports to bring this class pursuant to Illinois' Biometric Information Privacy Act, and seeks to recover statutory damages

of up to $5,000 per each alleged violation of the Act, pursuant to 740 ILCS 14/20(2), as well as attorneys' fees and litigation expenses pursuant to 740 ILCS 14/20(3). (Exhibit A, p. 15)

21. The plaintiff purports to bring this claim on behalf of herself and on behalf of a class defined as follows:

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the State of Illinois any time within the applicable limitations period. (Exhibit A; ¶ 37)

22. The plaintiff alleges that the putative class consists of "hundreds, if not thousands, of members of the Class." (Exhibit A; ¶ 39).

23. While Defendant denies the validity of Plaintiff's substantive claims on their merits and all requests for relief therein, pursuant to 28 U.S.C. 1332(d)(2), the requisite amount in controversy exists, in light of the size of the alleged putative class in excess of one thousand persons, and the plaintiff's prayer for relief seeking statutory damages of up to $5,000 per class member.

24. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions, and orders filed in the State Court Action are attached hereto as "Exhibit D."

25. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, DART CONTAINER CORPORATION OF ILLINOIS, hereby removes the action now pending against it in the Circuit Court of Cook County, Illinois, and requests that the United States District Court for the Northern District of Illinois, Eastern Division, assume and retain full jurisdiction over this action for all further proceedings.

Dated: December 27, 2017                           Respectfully submitted,

                                                   **GORDON REES SCULLY MANSUKHANI, LLP**

J. Hayes Ryan (6274197)
HayesRyan@grsm.com
Brian H. Myers (6305867)
BMyers@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP                 By:_____
One North Franklin, Suite 800
Chicago, IL 60606                                  *One of the Attorneys for Defendant,*
312-619-4913 (p)                                   *Dart Container Corporation of Illinois.*
312-565-6511 (f)

**CERTIFICATE OF SERVICE**

      The undersigned, being first duly sworn upon oath deposes and states that he electronically filed with the Clerk of Court using the ECF system, and served a copy of the foregoing document by mailing a true and correct copy thereof to the above named at their respective address and depositing the same in the U.S. mail at One North Franklin, Suite 800, Chicago, Illinois at 5:00 p.m., with proper postage prepaid, on December 27, 2017.

*Attorneys for Plaintiff*
Myles McGuire
William P. Kingston
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
(312) 893-7002
(312) 275-7895 (fax)
mmcguire@mcgpc.com
wkingston@mcgpc.com

Dated: December 27, 2017

J. Hayes Ryan (6274197)
HayesRyan@grsm.com
Brian H. Myers (6305867)
BMyers@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
312-619-4913 (p)
312-565-6511 (f)

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _____
*One of the Attorneys for Defendant,
Dart Container Corporation of Illinois.*