# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| LAQUANDERIA ROBERTS, individually and on behalf of a class similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) ) | Hon. |
| DART CONTAINER CORPORATION OF ILLINOIS, a Michigan corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

2017CH15522
CALENDAR/ROOM 03
TIME 00:00
Class Action

## CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Laquanderia Roberts ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Dart Container Corporation of Illinois ("Dart" or "Defendant"), to stop Defendant's capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1. This case concerns a container manufacturing corporation capturing, collecting, storing, and using Plaintiff's and other workers' biometric identifiers and/or biometric information without regard to BIPA and the concrete privacy rights and pecuniary interests Illinois' BIPA protects. Defendant does this in the form of facial recognition technology, which

capture a person's facial geometry and which Defendant then uses to identify that same person in the future.

2. Following the 2007 bankruptcy of a company specializing in the collection and use of biometric information, which risked the sale or transfer of millions of fingerprint records to the highest bidder, the Illinois Legislature passed detailed regulations addressing the collection, use and retention of biometric information by private entities, such as Defendant.

3. Choosing to shun more traditional timekeeping methods, Defendant has instead implemented an invasive program that relies on the capture, collection, storage, and use of its workers' facial geometry, while disregarding the applicable Illinois statute and the privacy interests it protects.

4. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information without informed written consent, in direct violation of the Illinois' BIPA. *See* 740 ILCS § 14/10.

5. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. A "biometric identifier" is any personal feature that is unique to an individual and includes fingerprints, facial scans, iris scans, palm scans, and DNA, among others. "Biometric information" is any information captured, converted, stored,

2

or shared based on a person's biometric identifier which is used to identify an individual. 740 ILCS § 14/10.

6. Additionally, biometrics are no longer quietly relegated to esoteric corners of commerce. Today, many businesses and financial institutions have incorporated biometric applications into their consumer products, including such ubiquitous consumer products as checking accounts and cell phones. Moreover, the usage of biometrics has been incorporated into the labor and employment side of commerce for timekeeping purposes, as is the case here.

7. In recognition of the concern regarding the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform that person in writing that biometric identifiers or information will be collected or stored;

(2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used;

(3) receive a written release from the person for the collection of their biometric identifiers or biometric information; and

(4) publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

740 ILCS 14/5.

8. In direct violation of the foregoing provisions, Defendant actively captures, collects, stores, and uses, without obtaining informed written consent or publishing its data retention and deletion policies, the biometrics of hundreds, if not thousands, of its workers

3

throughout the state of Illinois whose facial geometry scans are captured and stored for timekeeping purposes.

9. The workers' facial geometry scans are unique to each such worker, and Defendant's capture, collection, storage, and use of those biometric identifiers and information violates each workers' substantive privacy rights protected under BIPA and exposes workers to serious and irreversible privacy risks—risks that BIPA was designed to avoid—including the ever-present risk of a data breach of Defendant's systems exposing its employees' biometrics to hackers and other wrongdoers worldwide.

10. Defendant's practice of using facial recognition technology to collect facial geometry scans from its workers, regardless of their employment history, is unlawful and a serious invasion of its workers' right to privacy concerning their biometric information. Defendant has failed to provide the required disclosures to inform its workers that they were collecting their biometric identifiers and failed to inform them of how long it intended to keep this highly sensitive information.

11. To the extent Defendant is still retaining Plaintiff's and other similarly situated individuals' biometric information, such retention is an unlawful and continuing infringement of Plaintiff and the putative Class member's right to privacy regarding their biometric identifiers and biometric information. Unlike a Social Security number, which can be changed, no amount of time or money can compensate Plaintiff, and other similarly situated individuals, if their facial geometry scans are compromised by the lax procedures through which Defendant captures, collects, stores and uses its workers' biometrics, and Plaintiff would not have provided her facial geometry scan to Defendant had she known that Defendant would retain such information for an indefinite period without her consent.

4

12. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to destroy the Class member's biometrics in Defendant's possession, to cease all unlawful activity related to the capture, collection, storage, and use of her and other Class member's biometrics and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

13. At all relevant times, Defendant Dart Container Corporation of Illinois has been a Michigan corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois, and Defendant has, and does, transact business in Cook County, Illinois.

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

15. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this state.

16. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and, thus, resides there under § 2-102.

## BACKGROUND

17. Illinois enacted BIPA to regulate entities that capture, collect, store, and use biometric information, such as facial geometry scans, fingerprints, iris scans, and handprints.

18. Under BIPA, private entities may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or biometric information unless they first:

5

(1) Inform the person in writing that a biometric identifier or biometric information is being collected;

(2) Inform the person in writing of the specific purpose and length of time for which a person's biometric identifier and/or biometric information is being captured, collected, stored, and used; and

(3) Receive a written release executed by the subject of the biometric identifier or biometric information providing consent.

740 ILCS 14/15(b).

19. Section 15(a) of the BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information develop:

 a. A written policy;
 b. Available to the public;
 c. Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;
 d. Within three years of the individual's last interaction with the private entity, or when the initial purpose of for collecting or obtaining biometric identifiers and/or biometric information has been satisfied.

740 ILCS 14/15(a).

20. Defendant is a "private entity" as that term is defined under the BIPA. *See* 740 ILCS 14/10.

21. Defendant's workers are expected to scan their faces to "clock-in" and "clock-out" of work every day. Defendant do this using biometric timekeeping devices, which capture, collect, store, and use the workers' facial geometry. These facial recognitions scans are distinctive

6

identifiers of each individual and constitute biometric identifiers and biometric information under BIPA. Facial Recognition technology authenticates or identifies an individual based on an already-stored image of the person's face.

22. Unlike ID cards or key codes—which can be changed or replaced if stolen or compromised—facial geometry scans are unique, permanent biometric identifiers associated with the individual. Defendant's policies and actions violate workers' substantive privacy rights protected under BIPA and exposes Plaintiff's and other workers to serious and irreversible privacy risks.

23. The privacy risks associated with a person's biometrics are unparalleled; such information is more sensitive than a social security number, a passport, a birth certificate, etc. As such, Illinois' BIPA statute requires private entities to provide certain disclosures and obtain a written release from individuals prior to collecting their biometric identifiers and/or biometric information. Accordingly, BIPA protects an individual's right to be informed with respect to the capture, collection, storage, and use of their biometric identifiers, allowing them to make more informed decisions as to the circumstances under which they agree to provide their biometric identifiers and/or biometric information.

24. BIPA mandates that entities, such as Dart, that engage in the use of biometric identification systems do so with reasonable safeguards only after receiving informed consent to take such biometric information from the individual.

25. Defendant's practice of collecting, capturing, storing, and using an individual's biometric identifiers and/or biometric information is unlawful under BIPA because such practices fail to satisfy each of the enumerated requirements described above, and therefore severely infringe on its workers' right to privacy with regard to their biometric identifiers and biometric information.

7

## FACTS SPECIFIC TO PLAINTIFF

26. During the relevant time period, Plaintiff worked at a facility operated and managed by Defendant Dart and located in Illinois.

27. Defendant's timekeeping practice has relied on a biometric information device that scans workers' facial geometry to "clock-in" and "clock-out" of work every day. Plaintiff was required to provide her biometric information as a condition of her employment.

28. Upon information and belief, Defendant acquired and installed biometric timekeeping devices at all of the facilities at which it operates, and Defendant requires its workers, including Plaintiff, to have their faces scanned by these biometric timekeeping devices, which capture, collect, store, and use its worker's facial geometry. Defendant's workers' biometric information is associated with their identities and used by Defendant to identify and track their work time. Additionally, Defendant installed this technology and required its workers to use it in order to eliminate false-positive identifications such as "buddy clocking" and other forms of timekeeping fraud.

29. After workers' biometrics are captured and collected by Dart, Defendant requires such workers to scan their faces into one of Defendant's biometric timekeeping devices, at a minimum, each time they "clock-in" and "clock-out." Defendant's system ensures that workers can only verify their attendance and timeliness through scanning such information.

30. In addition to the occasion when workers' faces are initially captured, on each occasion that Defendant's workers in Illinois scan a face through Defendant's biometric timekeeping devices, Defendant is capturing and using workers' biometrics without regard to Illinois' statutory requirements under BIPA.

8

31. Prior to obtaining Plaintiff's biometric identifiers and/or information, Defendant did not inform Plaintiff in writing that a biometric identifier or biometric information was being captured, collected, stored, or used, nor did Defendant make its policy about collection, retention, and use of such information publicly available as required by BIPA.

32. Prior to taking Plaintiff's biometric identifiers and/or information Defendant did not make a written policy available to its workers or to the public establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information that it collects, as required by BIPA. 740 ILCS 14/15(a).

33. Additionally, Defendant did not obtain consent for any transmission to third parties of Plaintiff's and its other employees' biometrics. To the extent Defendant utilizes out of state vendors to operate its biometrics program in conformance with biometric industry practice, Defendant has also violated BIPA on each occasion it transmits such information to third parties.

34. To this day, Plaintiff is unaware of the status of her biometric information that was obtained by Defendant. Defendant has not informed Plaintiff whether it still retains her biometric information, and if it does, for how long it intends to retain such information without her consent. Plaintiff's biometric information is economically valuable and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiff was not sufficiently compensated by Defendant for the retention of her biometric information and Plaintiff would not have agreed to work for Defendant, at least not for the compensation she received, had she known that Defendant would retain her biometric information indefinitely.

35. Upon information and belief, Defendant does not have a policy of informing its workers in any way what happens to their biometric information after it is captured, collected, and obtained, whether the information is transmitted to a third party and, if so, which third party, and

9

what would happen to the information if an individual discontinues working for Defendant, if a facility were to close, or if Defendant was to be acquired, sold, or file for bankruptcy.

36. By knowingly and willfully failing to comply with the BIPA's mandatory notice, release, and policy publication requirements, Defendant has violated workers' substantive privacy rights protected under the BIPA, and as a result, Plaintiff and the other members of the Class have continuously been exposed to substantial and irreversible loss of privacy by Defendant's retention of their biometric information without their consent, with such constant and ongoing exposure constituting a severe harm and violation of their rights.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class (the "Class") defined as follows:

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois any time within the applicable limitations period.

38. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

39. Upon information and belief, there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can easily be ascertained through Defendant's personnel records.

40. Plaintiff's claims are typical of the claims of the Class members she seeks to represent because the factual and legal bases of Defendant's liability to Plaintiff and the other

10

Class members are the same and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the other putative Class members have all suffered damages as a result of Defendant's BIPA violations.

41. There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant collects, captures, stores, or uses the biometrics of Class members;

   b. Whether Defendant developed and made available to the public a written policy that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information, as required by BIPA;

   c. Whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics;

   d. Whether Defendant provided a written disclosure to its workers that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics;

   e. Whether Defendant's conduct violates BIPA;

   f. Whether Defendant's violations of BIPA are willful and reckless; and

   g. Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

42. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive, and would have no effective remedy. The class

11

treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

44. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (on behalf of Plaintiff and the Class)

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Illinois' BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for

12

which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

47. Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities that possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) must adhere to the publicly posted retention and deletion schedule. 740 ILCS 14/15(a)

48. Defendant is a "private entity" as that term is defined under BIPA. 740 ILCS 14/10.

49. Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information," as defined by BIPA. 740 ILCS 14/10.

50. Each instance Plaintiff and the other Class members scanned their faces into Defendant's timekeeping devices, Defendant captured, collected, stored, and/or used Plaintiff's and the Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

51. Defendant's practice with respect to capturing, collecting, storing, and using biometric identifiers and biometric information fails to comply with applicable BIPA requirements. Specifically, with respect to Plaintiff and the other Class members, Defendant failed to:

13

  a. Obtain the written release required by 740 ILCS 14/15(b)(3);

  b. Inform Plaintiff and the Class members in writing that their biometric identifiers and/or biometric information were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(1);

  c. Inform Plaintiff and the Class in writing of the specific purpose for which their biometric information and/or biometric identifiers were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  d. Inform Plaintiff and the Class in writing of the specific length of term their biometric information and/or biometric identifiers were being captured, collected, stored and used, as required by 740 ILCS 14/15(b)(2); and

  e. Provide a publicly available retention schedule detailing the length of time biometric information is stored and guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a).

52. By capturing, collecting, storing, and using Plaintiff's and the other Class members' biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiff's and the other Class members' respective rights to privacy as set forth in the BIPA. 740 ILCS 14/15(a).

53. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

54. Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, and use of biometric identifiers and biometric information, including an injunction requiring Defendant to permanently destroy all biometric information of Plaintiff and of Class members in its possession and compensation in an amount to be determined at trial for the commercial value of Plaintiff's biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 22, 2017      Respectfully Submitted,

LAQUANDERIA ROBERTS, individually and on behalf of a class of similarly situated individuals

By: *[signature]*
One of Plaintiff's Attorneys

Myles McGuire
William P. Kingston
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

16