IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAQUANDERIA ROBERTS, individually and on behalf of a class of similarly situated individuals, )<br>)<br>)<br>)<br>*Plaintiff*,    )<br>)<br>)<br>v.                           )<br>)<br>DART CONTAINER CORPORATION )<br>OF ILLINOIS,              )<br>)<br>*Defendant*.   ) | Case No. 17-cv-9295<br><br>Hon. Ronald A. Guzman |

**PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**

Plaintiff Laquanderia Roberts, by her undersigned attorneys, and pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding the instant action to Illinois state court. In support of her Motion, Plaintiff states as follows:

**I.   INTRODUCTION**

Plaintiff LaQuanderia Roberts filed this lawsuit under Illinois law in the Circuit Court of Cook County, Illinois before it was subsequently removed to this Court by Defendant Dart Container Corporation of Illinois ("Defendant" or "Dart"). In its Notice of Removal, Defendant argued that this Court properly has subject matter jurisdiction over the instant action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (Dkt. 2, at 3-5). Once in federal court, Defendant moved to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), primarily relying on the position that Plaintiff lacks standing and failed to allege any cognizable injury. (Dkt. 6, at 4, 7). In doing so, however, Defendant has fatally undermined its original removal to this Court by contending that Plaintiff lacks Article III standing. Defendant, as the proponent of federal jurisdiction, bears the burden of establishing Article III standing and

bears the risk of non-persuasion. Where neither party will overcome the presumption against federal jurisdiction and in favor of allowing plaintiff to litigate in the forum of her choice, as is this case, then the court should remand such action back to state court.

## II. PROCEDURAL HISTORY

On November 21, 2017, Plaintiff initiated this class action by filing her Complaint against Defendant in the Circuit Court of Cook County, Illinois. (Dkt. 2, Ex. A).[1] On December 27, 2017, Defendant removed Plaintiff's class action to this Court. (Dkt. 1). On January 3, 2018, Defendant filed its Motion to Dismiss Plaintiff's Complaint, arguing that Plaintiff failed to allege any cognizable harm or injury and lacked standing under Article III. (Dkt. 6, at 3-5).[2]

## III. BACKGROUND

Defendant is a Michigan corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. (Compl., ¶ 13). Plaintiff brings her lawsuit against Defendant for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/10, *et seq*. (the "BIPA"). (Compl., ¶¶ 12-14).

Rather than rely on traditional time-keeping methods like punch-cards to track their employees' time, Defendant instead utilizes a biometric time-keeping device that captures its employees' facial geometry, which Defendant then uses to identify that same person for time-

---

[1] Plaintiff's Complaint ("Compl.") is attached hereto as Exhibit A.
[2] Plaintiff is aware of this Court's January 4, 2018 Order directing Plaintiff to file a response to Defendant's motion to dismiss by January 25, 2018. While Plaintiff was otherwise prepared to file her response by the deadline, because this Court's jurisdiction is a threshold issue that should be addressed before any ruling on the merits of the case, and to avoid complicating the instant Motion by requiring Plaintiff to assert this Court's jurisdiction in a response brief, Plaintiff respectfully requests that such deadline be continued until the Court resolves the instant jurisdictional Motion. *See*, *e.g.*, *Steel Co. v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1012 (1998) ("Without jurisdiction the court cannot proceed at all in any cause . . . [t]he requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (internal quotes omitted). Additionally, the precedent that prompted the instant Motion and supports remand here was only recently issued in this District. *See Barnes v. Aryzta*, No. 17-cv-7358, *Memorandum Opinion and Order Granting Plaintiff's Motion for Remand*, Dkt. 39 (N.D. Ill. Dec. 20, 2017), discussed in more detail herein.

keeping purposes. (Compl., ¶¶ 1, 3). Unlike ID cards or key codes which can be changed or replaced if stolen or compromised, a person's facial geometry constitutes unique, permanent biometric identifiers; thus, the privacy risks associated with biometric information is virtually unparalleled. (*Id.*, ¶ 5). Recognizing the importance of maintaining the integrity of biometric systems and protecting individuals from their biometric information being compromised,[3] the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that private entities such as Defendant may not obtain and/or possess an individual's biometrics unless they first: (1) inform that person in writing that biometric identifiers or information will be collected or stored; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used; (3) receive a written release from the person for the collection of her or her biometric identifiers information; and (4) publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.[4] (*Id.*, ¶ 7).

During the relevant period, Plaintiff worked at a facility owned and operated by Defendant. (Compl., ¶ 26). Defendant required Plaintiff to record her time on its biometric time-keeping devices by scanning her facial geometry, a unique biometric identifier. (*Id.*, ¶¶ 27-28). Plaintiff alleges that Defendant's practice of capturing, collecting, storing, and using her and other current or former employees' facial geometry violates the BIPA because Defendant fails to adhere to the disclosure, consent, and policy provisions of the BIPA. (*Id.*, ¶¶ 30-33).

After being served with Plaintiff's Complaint, Defendant removed the case, asserting that this Court has federal subject matter jurisdiction pursuant to CAFA. (Dkt. 1). However, Defendant quickly and fatally undermined this position in its Motion to Dismiss, by asserting that Plaintiff

---

[3] *See* 740 ILCS 14/5.
[4] *See* 740 ILCS 14/5.

3

failed to allege any injury or harm and that Plaintiff lacks Article III standing. (Dkt. 6). Defendant cannot remove on the basis of federal subject matter jurisdiction and, at the same time, assert that this Court lacks jurisdiction because Plaintiff has not alleged any injury or harm, without wholly abdicating its burden to establish Article III standing.

## IV.     THIS CASE SHOULD BE REMANDED TO ILLINOIS STATE COURT

### A.     *Defendant Has The Burden To Establish Article III Standing.*

A case may only be removed to federal court "if the action originally could have been brought in federal court." *Illinois v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 848 (N.D. Ill. 2011) (citing 28 U.S.C. § 1441(a)). Defendant, as the party removing the case, bears the burden of establishing federal jurisdiction, *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009), and Article III standing is a distinct component of subject matter jurisdiction that defendant must establish. *Macon Cnty., III ex rel. Ahola v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 964 (C.D. Ill. 2013). Indeed, the party "invoking federal jurisdiction bears the burden of establishing the[] elements [of Article III standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Article III standing requires, *inter alia*, allegations that Plaintiff suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc., v. Robins*, 136 S.Ct. 1540, 1548 (2016) (citing *Lujan*, 505 U.S. at 560).

If, in a removed case, the court finds that it does not have subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994). Courts should interpret the removal statute narrowly, resolving any doubts about federal jurisdiction in favor of remand. *Schur*, 577 F.3d at 758. Here, Defendant has not only abandoned its burden to establish this Court's jurisdiction, but has actively

4

challenged such federal jurisdiction in its Motion to Dismiss by asserting that the "injury-in-fact" component of Article III standing is absent in Plaintiff's Complaint. *See Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016) ("[D]efendant tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal . . . rather than the remand required § 1447(c).")

### B. Defendant Attacks Plaintiff's Article III Standing, Thereby Attacking This Court's Original Jurisdiction And Necessitating Remand.

In its Motion to Dismiss, Defendant explicitly argues that Plaintiff lacks both standing as an aggrieved party under the BIPA statute, as well as Article III standing. (Dkt. 6, at 3-4, 7). Defendant contends that Plaintiff lacks the "injury-in-fact" requirement of Article III standing, which completely undermines this Court's original jurisdiction and Defendant's own action in removing this case and constitutes an abdication of Defendant's burden to establish federal jurisdiction. (*Id.*, at 3).

This issue has previously arisen in this District. Most recently, and directly on point, as it involved a BIPA case removed from state court, Judge Durkin was faced with similar circumstances in *Barnes v. Aryzta*.[5] In *Aryzta*, the plaintiff filed a class action in Illinois state court alleging violations of the BIPA. (Ex. B, at 1). The defendant removed the case to federal court pursuant to CAFA. (*Id.*, at 3). Once in federal court, the defendant moved to dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), asserting that plaintiff lacked a concrete injury-in-fact and relying on the Supreme Court's ruling in *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540 (2016). The defendant also moved to dismiss pursuant to Rule 12(b)(6) for failure to establish that plaintiff was an "aggrieved party" under the BIPA. (Ex. B, at 2-3).

---

[5] Judge Durkin's Memorandum Opinion and Order granting the plaintiff's remand motion in *Barnes v. Aryzta*, No. 17-cv-07358 (N.D. Ill. Dec. 20, 2017), is attached hereto as <u>Exhibit B</u>.

Despite the defendant's prompt withdrawal of its 12(b)(1) motion, Judge Durkin nonetheless granted Plaintiff's motion to remand, finding that Defendant's post-removal conduct in challenging Plaintiff's Article III demonstrated to the court that federal jurisdiction may have been lacking, and finding that "any doubt regarding jurisdiction should be resolved in favor of the states." (*Id.*, at 9).

Judge Bucklo reached a similar result in *Mocek*. In *Mocek*, the plaintiff filed a class action in Illinois state court alleging violations of the Fair and Accurate Credit Transactions Act, which the defendant removed to federal court. *Mocek*, 220 F. Supp. 3d at 911. The defendant then moved for dismissal under Rule 12(b)(1), asserting that plaintiff lacked Article III standing. *Id*. at 911, 913. In granting Plaintiff's motion to remand back to state court, Judge Bucklo observed that "with no party willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis." *Id*. at 914.

*Aryzta* and *Mocek* are directly on-point, and Defendant's conduct in the instant matter supports remand even more than in *Aryzta*, as Defendant Dart has not even attempted to withdraw its 12(b)(1) motion. Even if Defendant did so withdraw, however, the logic in *Aryzta* and *Mocek* would nonetheless apply: Defendant's Motion to Dismiss explicitly and clearly asserts that Plaintiff lacks Article III standing and that Plaintiff has not alleged *any* actual concrete damage or injury-in-fact, even citing to and relying on the Article III argument advanced in *Spokeo*—that is, that Plaintiff has merely alleged a "technical" violation of the BIPA and was not actually harmed in any way. (Dkt 6, at 3-5). Therefore, while Defendant originally championed this Court's federal jurisdiction in its removal, the legal effect of its 12(b)(1) and 12(b)(6) motion challenging Plaintiff's federal standing warrants remand. This is highlighted throughout Defendant's Motion to Dismiss, including but not limited to the following assertions made by Defendant:

6

1. "Plaintiff has **alleged only technical violations** of the notice and consent provisions, and **has not plausibly alleged any corresponding adverse effect**." (Dkt. 6, at 6) (emphasis added).

2. "**Plaintiff's complaint must be dismissed for lack of standing.**" (Dkt. 6, at 7, heading II).

3. "Regarding collection, **Plaintiff has not sustained any concrete harm** because she voluntarily participated in the face scan for a known purpose (reporting hours so she could get paid)…." (Dkt. 6, at 13) (emphasis added).

4. "Regarding retention, Plaintiff **similarly has not sustained any concrete harm because she has not plausibly alleged** that there is any imminent risk to the security of her information. (Dkt. 6, at 13) (emphasis added).

5. "Plaintiff's "uncertainty" about what might happen to her data if Defendant ever went bankrupt is simply **too speculative and abstract to be a concrete injury**. Accordingly, **Plaintiff's complaint must be dismissed for lack of standing.**" (Dkt. 6, at 13).

Clearly, Defendant has failed to satisfy its burden in demonstrating that this Court has federal jurisdiction and has undermined this Court's original jurisdiction in its challenges to Plaintiff's Article III standing. Indeed, Defendant is not arguing that Plaintiff would not be able to prove damages, or that her damages were not caused by Defendant. Rather, Defendant expressly argues that Plaintiff has no damages, that Plaintiff has not actually alleged damages, that Plaintiff has merely alleged a technical violation of the statute, and, most tellingly, that Plaintiff lacks Article III standing. Further, Plaintiff wishes to litigate this matter in state court and will not carry Defendant's jurisdictional burden on its behalf. In fact, one reason Plaintiff filed in state court was the lack of uniformity in Article III standing jurisprudence concerning BIPA. *Compare McCollough v. Smarte Carte, Inc.*, No. 16 C 03777, 2016 WL 4077108, at *3–4 (N.D. Ill. Aug. 1, 2016) (finding plaintiff had failed to allege a concrete injury sufficient to establish Article III standing) *with Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (concluding that plaintiff had established Article III standing). Illinois courts make their own standing determinations under state law, *see Smith*, 23 F.3d at 1142 ("[I]t is clear that

Article III's 'case or controversy' limitations apply only to the federal courts"), which is why Plaintiff filed there and now seeks remand.

Therefore, this Court is presented with a situation in which neither party before it will overcome the presumption against federal jurisdiction: Plaintiff should not be forced to carry Defendant's burden in establishing that federal jurisdiction is proper, and Defendant has already made assertions that directly attack and undermine the existence of such jurisdiction. When neither party argues in support of jurisdiction, courts should not step in to do so. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 426 (7th Cir. 2010).

Accordingly, this Court should remand this action to state court pursuant to 28 U.S.C. § 1447(c).

### V. PLAINTIFF SHOULD BE AWARDED HIS COSTS AND ATTORNEYS' FEES INCURRED AS A RESULT OF DEFENDANT'S CONDUCT.

In challenging this Court's jurisdiction followings its own removal, Defendant has demonstrated its initial removal to be frivolous and has caused Plaintiff to expend unnecessary time and resources in now remanding this matter back to state court. Therefore, Plaintiff should be granted fees and costs associated with Defendant's conduct. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") Indeed, a "defendant's professed strategy of removing the case on the basis of federal jurisdiction, only to turn around and seek dismissal . . . on the grounds that federal jurisdiction was lacking, unnecessarily prolong[s] the proceedings [and warrants the awarding of attorney's fees to the plaintiff.]" *Mocek*, 220 F. Supp. 3d at 914-15; *see also* Judge Durkin's Memorandum Opinion and Order in *Barnes v. Aryzta*, Ex. B, at 9 and n.3 ("Also, for the reasons given in *Mocek* . . . the Court grants Plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) . . . The Court has already explained . . . that

8

removal jurisdiction involves both the issue of jurisdiction under the CAFA and the issue of standing. It was incumbent on Defendant . . . to consider the Article III standing issue when it removed the action to this Court."). Thus, the Court should award Plaintiff her costs and attorneys' fees incurred as a result of Defendant's improper removal practices.

WHEREFORE, for the foregoing reasons, Plaintiff LaQuanderia Roberts respectfully requests that this Honorable Court enter an Order: (i) granting Plaintiff's Motion for Remand; (ii) remanding this matter to the Circuit Court of Cook County, Illinois; (iii) denying Defendant's pending Motion to Dismiss as moot; (iv) awarding Plaintiff costs and attorneys' fees incurred as a result of Defendant's improper removal; and (v) for such further and other relief the Court deems reasonable and just.

Dated: January 25, 2018                    Respectfully submitted,

                                                                LAQUANDERIA ROBERTS, individually and on behalf of a class of similarly situated individuals,

                                                                By: /s/ Jad Sheikali
                                                                 *One of Plaintiff's Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Counsel for Plaintiff and the Putative Class*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2018 I caused the foregoing *Plaintiff's Motion to Remand Case to State Court* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Jad Sheikali