IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laquanderia Roberts, on behalf of herself and similarly situated individuals,<br>    Plaintiff,<br><br>v.<br><br>Dart Container Corporation of Illinois,<br>    Defendant. | No. 17 C 9295<br>Judge Ronald A. Guzmán |

**ORDER**

For the reasons stated below, Plaintiff's motion to remand case to state court [12] is granted. All pending motions are denied as moot. Civil case terminated.

**STATEMENT**

Plaintiff filed a class action complaint[1] in the Circuit Court of Cook County to stop Dart Container Corporation of America's ("Defendant") capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in alleged violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). In its notice of removal, Defendant states that the Court properly has jurisdiction over the instant action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (Notice Removal, Dkt. # 2, ¶¶ 12-13.) Nevertheless, it subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacked subject-matter jurisdiction over the case because Plaintiff did not suffer an injury in fact under *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016), and thus lacks Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (stating that the "irreducible constitutional minimum of standing" consists of three elements: injury in fact, causation, and redressability).

For her part, Plaintiff has filed a motion to remand the case to state court, contending that Defendant has not met its burden of establishing federal jurisdiction due to its argument that Plaintiff lacks Article III standing. In its response to the motion to remand, Defendant agrees that Plaintiff lacks standing, and further argues that "Plaintiff has effectively conceded that she lacks standing . . . ." (Def.'s Resp., Dkt. # 15, at 3 n.2.) Indeed, Plaintiff does not attempt to establish that she has an injury in fact, and thus Article III standing, because she does not want to be in federal court. To say that the current state of affairs regarding the issues at hand is a legal and

---

[1] Because no class has yet been certified, the Court refers to Plaintiff in the singular.

logical mire would be an understatement. The Court will not address in detail the parties' arguments regarding jurisdiction, standing, the role of *Spokeo* in CAFA cases, and whose burden it is to prove what under the instant circumstances. It is enough to state that the time-consuming task of clearly setting forth and effectively sorting through the parties' respective positions is ultimately unnecessary here.[2] Because the parties are in "agreement" that subject-matter jurisdiction is lacking, the Court remands the case pursuant to the relevant portion of the statute governing removal, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).[3] *See Barnes v. Aryzta, LLC*, No. 17 C 7358, 2017 WL 6947882, at *4 (N.D. Ill. Dec. 20, 2017) (in a similar case, stating that "[t]he Court declines to decide whether there is Article III standing because neither party is willing to address the issue," and remanding the case to state court); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (remanding case before deciding Article III standing issue because "the jurisdictional issue is 'easily and readily' resolved based on the parties' post-removal agreement that federal jurisdiction is lacking") (citation omitted).

      The Court declines Defendant's invitation to declare that no court (for our purposes, Illinois state court) has jurisdiction over Plaintiff's BIPA claim due to her purported lack of injury, and to therefore rule that it must "be dismissed as frivolous." (Def.'s Resp., Dkt. # 15, at 1.) As an initial matter, that request contravenes the express language of § 1447(c), which requires a court to remand any removed case over which it does not have subject-matter jurisdiction. Moreover, because the Court lacks subject-matter jurisdiction, it does not possess the authority to make any such merits-based rulings. *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) ("[O]nce a court determines it lacks jurisdiction over a claim, it . . . lacks jurisdiction to make any determination of the merits of the underlying claim.") (internal quotation marks and citation omitted).[4]

**Date**: March 12, 2018

                                                                       **Ronald A. Guzmán**
                                                                       **United States District Judge**

---

    [2] The Court will leave that unenviable task to the Court of Appeals, whether it be in this case or one of the others filed in this district that poses similar issues.

    [3] The Court's ruling is based solely on the parties' agreement regarding the lack of subject-matter jurisdiction, and is not intended as a determination of whether Illinois' standing requirements have been satisfied, or as a finding that Plaintiff established BIPA injury under *Spokeo*.

    [4] Defendant notes that "injury is critical to both the standing and the merits analysis." (Def.'s Resp., Dkt. # 15, at 1.)