UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
Eastern Division

Laquandria Roberts
                                    Plaintiff,
v.                                                    Case No.: 1:17−cv−09295
                                                      Honorable Ronald A. Guzman
Dart Container Corporation of Illinois
                                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, October 10, 2018:

MINUTE entry before the Honorable Ronald A. Guzman: The Court remanded this case, which was removed pursuant to the Class Action Fairness Act ("CAFA"), to state court in March 2018, concluding that, in essence, the parties agreed that Plaintiff lacked Article III standing to proceed in federal court. (Dkt. # 12) Plaintiff has moved for an award of attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff contends that because Defendant knew (or believed) at the time it removed the case that Plaintiff lacked standing in federal court, then it had no basis for removal, and Plaintiff is entitled to her fees and costs. Attorney's fees are generally only available under § 1447(c) if the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). After Defendant had removed the case and this Court remanded, the Seventh Circuit clarified in a case with a similar procedural posture that while a defendant may establish statutory standing for removal under CAFA, it also must establish Article III standing. Collier v. SP Plus Corp., 889 F.3d 894, 896 (7th Cir. 2018) (stating that removing a case based on CAFA's "'original jurisdiction' is not enough, because federal courts have subject−matter jurisdiction only if constitutional standing requirements also are satisfied"). While the Collier court referred to the defendant's removal strategy as "dubious," id. at 897, this Court does not find that Defendant#039;s basis for removal was objectively unreasonable given conflicting orders from district courts that had considered the issue and the evolving state of the law after the Supreme Court's decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016). Therefore, Plaintiff's motion for attorney's fees [25] is denied. Mailed notice(is, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.